43 So.2d 759

## BLACK v. STATE.

### 6 Div. 971.

Court of Appeals of Alabama.
Jan. 10, 1950.

Chas. E. Tweedy, Jr., and Jas. L. Beech, Jr., of Jasper, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appellant herein was originally tried in the County Court of Walker County, Alabama, under complaint alleging an offense in violation of Title 29, Section 98, Code of Alabama 1940. Upon conviction appeal was taken to the Circuit Court of Walker County, Alabama, wherein trial de novo was had under a solicitor's complaint alleging an offense under the above styled Title and Section. Upon conviction, the jury assessed against this appellant a fine of $50.00 to which the court added as additional punishment a sentence of six months at hard labor for Walker County, Alabama. From this judgment of conviction and sentence, appeal is taken to this court.

68

This case needs no extended opinion. Appellant's earnest counsel makes the insistence that the trial court erred in refusing to defendant the general affirmative charge, urging in this connection that a mere scintilla of evidence as to defendant's guilt was adduced upon the trial of the case in the court below. In this appellant's counsel are mistaken. The State's evidence made out a complete case against the defendant. It consisted of the testimony of an officer of the law, one Carl Black, who testified he was, and had been for a considerable length of time, a deputy sheriff of the county, and that on or about December 5 or 6, 1948, he secreted himself near the home of this appellant and after lying in hiding for some period of time observed this appellant secure and deliver to some three or four other Negro men engaged in a dice game a pint of "Moonshine" whiskey. This witness' testimony is to the effect that after observing this transaction, he approached and arrested the participants in the dice game, each of whom were charged with the offense of gaming on Sunday and a short while later apprehended and arrested this appellant in front of his home a short distance from the scene of the arrest of the others. This witness is specific and emphatic in his testimony that he observed this appellant secure and deliver the whiskey here in question to the gamblers and that shortly thereafter, at the time of the arrest of those participants in the dice game, he retrieved the whiskey from them. The offense is alleged to have taken place at or around 3:00 o'clock on a Sunday afternoon, in Walker County, Alabama, and this witness is positive in his identification of the appellant, Willie Black.

In defense of this alleged violation of the law, appellant introduced the statements of some three of the "crap shooters," one of whom testifies that it was he who brought the whiskey to the dice game and that he had secured such whiskey at a previous time and not from this appellant. He is corroborated in this by the testimony of two of the other participants in the dice game. All of these witnesses deny that appellant was around the dice game at any time.

Appellant testifying in his own behalf, offers testimony to like effect; that is, that he knew nothing of the dice game, delivered or sold no whiskey to any of the participants and did not know that he was under arrest until he came to Jasper to make bond for the others arrested. This latter testimony is refuted by the testimony of Deputy Sheriff Black who stated that he arrested the appellant at his home a short time following the disruption of the dice game. As stated, the testimony is in direct conflict and patently presents a question of fact for the determination of the jury.

Thus, the evidence adduced upon the trial was in conflict, and the question was for the jury to consider and determine.

The law is, where there is any evidence tending to make out a case against a person accused of the commission of a criminal offense, and where the trial, as here, is had before a jury, it is not within the province of this court, or of the court below, to pass upon the important question of the guilt or innocence of the defendant, this is for the jury alone.

The insistences of error presented by counsel for appellant are without merit and cannot be sustained.

No prejudicial error appearing the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.